## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
### Case No. 5:20-cv-00257-BR

| | |
|---|---|
| **UNITED STATES OF AMERICA for the use and benefit of SCHNEIDER ELECTRIC BUILDING AMERICAS, INC., SPC MECHANICAL CORPORATION, and WATSON ELECTRICAL CONSTRUCTION, INC.,** | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **CBRE HEERY, INC. f/k/a HEERY INTERNATIONAL, INC., TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and FEDERAL INSURANCE COMPANY,** | ) **PROTECTIVE ORDER** ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |
| **CBRE HEERY, INC. f/k/a HEERY INTERNATIONAL, INC.,** | ) ) ) |
| Counterclaim-Plaintiff, | ) ) |
| v. | ) ) |
| **SPC MECHANICAL CORPORATION,** | ) ) |
| Counterclaim-Defendant. | ) |

Pursuant to Section E of the Court's Case Management Order (Doc. 56), the Parties, through their undersigned attorneys, conferred and stipulated to a jointly proposed order governing the disclosure of Confidential Information. Accordingly, the Court hereby ORDERS that the following procedures and provisions shall apply to discovery in this Action.

5456.002

1. **PURPOSE.**

Discovery activity in this Action is likely to involve the production of confidential, proprietary, financial, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. The Parties agree that certain categories of information should be treated as confidential, protected from disclosure outside of this Action, and used only for purposes of prosecuting or defending this Action and any appeals. The Parties jointly request entry of this Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

For good cause shown under Fed. R. Civ. P. 26(c), the court GRANTS the Parties' joint request and hereby enters the following Stipulated and Agreed Protective Order ("Order"). This Order does not confer blanket protections on all disclosures or responses to discovery. Rather, this Order is to preserve and maintain the confidentiality of certain confidential, proprietary, financial, or private information which may be disclosed by a Party or Non-Party in this Action, their respective employees through testimony, and the production of certain records by and between the Parties during the course of this Action. The protection it affords from public disclosure and unauthorized use extends only to the limited information or items that are entitled to confidential treatment according to the terms of this Order. The Parties to this Action may modify or replace this Order in accordance with the provisions of Section 11 below.

2. **DEFINITIONS.**

2.1. The "Action" shall refer only to the above-captioned case and any appeals of the case until Final Disposition and shall not include related cases unless this Order is amended to explicitly cover such related cases.

**2.2.** The "Agreement" shall refer to the Agreement to Be Bound, attached to this Order as <u>Exhibit A</u>. All executed Agreements to this Order are Confidential Information pursuant to this Order.

**2.3.** "Confidential Information" shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that the Producing Party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside this Action because its disclosure and use are either restricted by statute or could potentially cause harm to the interests of the Producing Party or Non-Parties. For purposes of this Order, "Confidential Information" may include the following categories of information or Documents:

- Personnel files of the employees of any Party or Non-Party;

- Financial records, including bids and estimates, tax returns, job cost transaction detail reports, summary job cost reports, financial or financing statements, benefits information or reports, ledgers, credit card and account information, accounting records, payroll records, and other related financial information, of any Party or Non-Party, including any of their officers, directors, shareholders, partners, managers, members, employees, or representatives;

- Records and/or information that a Party or Non-Party considers to be proprietary because such information is not readily available in public sources, thereby giving such Party or Non-Party a competitive or strategic advantage;

<307>5456.002</307>

- Records of and/or information about a Party or Non-Party's customers or clients including names, addresses and contact information, sales history and account information, company sales information, and pricing, rebates, discounts, plans, strategies, and costs information not known in public sources;

- Records and/or information that is limited or restricted, or prohibited by statute, code, regulation, ordinance, or other applicable law; and

- Other records and/or information that a Party or Non-Party deems necessary to be designated as "Confidential Information," but only so long as such Party or Non-Party satisfies its burden of proving the necessity of the confidentiality designation.

Confidential Information shall be marked or otherwise designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED _____, 2021" in the manner provided in Section 4 below.

**2.4.** "Consultant" shall mean a person who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party for purposes other than this Action, and (3) at the time of retention, is not anticipated to become an employee of a Party.

**2.5.** "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, responses to discovery, or depositions in this Action.

**2.6.** "Final Disposition" shall mean that (1) final judgment has been entered and any appeals of the final judgment have concluded, or (2) all claims of any kind asserted in this Action have been dismissed with prejudice by the Party or Parties who brought such claims.

**2.7.** "Outside Counsel" shall mean counsel of record who has been retained by a Party to represent its interests in this Action, including their law firms, support staff, and personnel.

**2.8.** "Non-Party" shall mean any natural person, partnership, corporation, association, municipality, governmental entity, department, or other legal entity not named as a Party to this Action. Non-Parties to this Action are sometimes collectively referred to as "Non-Parties" throughout this Order.

**2.9.** "Party" shall mean any party to this Action, including all its officers, directors, employees, Consultants, and Outside Counsel. The Parties to this Action are sometimes collectively referred to as "Parties" throughout this Order.

**2.10.** "Producing Party" shall mean a Party or Non-Party that produces Disclosure or Discovery Material in this Action. Any Producing Party may designate information or items under the provisions of this Order.

**2.11.** "Professional Vendors" shall mean persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.12.** "Protected Material" shall mean any Disclosure or Discovery Material that bears the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED _____, 2021" in accordance with this Order.

2.13. "Receiving Party" shall mean a Party or Non-Party that receives Disclosure or Discovery Material in this Action.

**3. SCOPE.**

All Disclosure or Discovery Materials produced during the course of this Action, including initial disclosures, responses to discovery requests, responses to subpoenas, all deposition testimony and exhibits, and information derived directly therefrom (collectively, "Documents"), are subject to the terms of this Order. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**4. DESIGNATING CONFIDENTIAL INFORMATION.**

a. **Manner and Timing of Designations.** The Producing Party may designate Documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER ENTERED _____, 2021" (hereinafter, "the Marking") on the Disclosure or Discovery Material and on all copies in a manner that will not interfere with the legibility of the Document. As used in this Order, "copies" include electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The Marking will be applied prior to or at the time the Disclosure or Discovery Material is produced or disclosed. Applying the Marking to Disclosure or Discovery Material does not necessarily mean that such Document or the information in it has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any Disclosure or Discovery Material must also bear the Marking, except that indices, electronic databases, or lists of Documents or information that do not contain substantial portions or images of the text of marked Documents

and do not otherwise disclose the substance of the Confidential Information are not required to bear the Marking.  By applying the Marking to designated Disclosure or Discovery Material, the Producing Party, through its Outside Counsel, certifies that the Disclosure or Discovery Material contains Confidential Information as defined in this Order.

For testimony given in a deposition or other proceeding, the Producing Party shall specify all protected testimony.  It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties within three (3) days after the deposition, a right to have up to twenty-one (21) days from the deposition or proceeding to make its designation of all protected testimony.

Parties shall give advance notice if they expect a deposition or other proceeding to include designated Confidential Information so that the other Parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of Confidential Information as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing Confidential Information shall have a legend on the title page noting the presence of Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated. The Producing Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated as Confidential Information unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

b. **Inadvertent Failure to Designate.** An inadvertent failure to designate, or an inadvertent mis-designation of any Disclosure or Discovery Material as Confidential Information

5456.002

does not, standing alone, constitute a waiver of the Producing Party's right to secure protection of an otherwise valid claim of confidentiality pursuant to this Order.

Upon discovery of the inadvertently undesignated Confidential Information, the Producing Party must promptly notify the Receiving Party of the error and shall identify each item of Disclosure or Discovery Material that was undesignated, and (2) if applicable, produce a properly designated replacement for each such item consistent with the Parties' Case Management Order to the extent the discovery concerns an inadvertent disclosure of Confidential Information not so designated. Upon prompt notification by the Producing Party, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Case Management Order and consistent with this Order, and promptly return the undesignated item(s) to the Producing Party.

The provisions of this Section do not apply to inadvertently disclosed attorney-client privileged communications or protected attorney work product materials. Any inadvertently disclosed attorney-client privileged communications or protected attorney work product material shall be handled in accordance with the provisions of the Case Management Order and Section 18 of this Order.

c. **Over-Designation Prohibited.** Any Party or Non-Party who designates information or items for protection under this Order as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED _____, 2021" shall use their best efforts to only apply the Marking to Disclosure or Discovery Material that qualifies under the appropriate standards. To the extent practicable, only those parts of the Disclosure or Discovery Material, items, or oral or written communications that require protection shall be designated. Designation under this Order is allowed only if the designation is necessary to protect Disclosure or Discovery

Material which, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. If a Producing Party learns that information or items that it designated for protection do not qualify for protection under this Order, that Producing Party must promptly notify all Parties that it is withdrawing the mistaken designation and re-produce the item without the designation.

5.  **PROTECTION OF CONFIDENTIAL MATERIAL.**

    a.  **General Protections.** A Receiving Party may use Protected Material only for this Action or any other related legal proceeding brought by one of the Parties to this Action. Protected Material may be disclosed only to the categories of persons listed in this Section and under the conditions described in this Order.

    b.  **Who May View Designated Confidential Information.** Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose Protected Material only to the following persons:

        1.  The Receiving Party's Outside Counsel in this Action and employees of Outside Counsel to whom disclosure is reasonably necessary;

        2.  The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary and who have signed the Agreement;

        3.  Consultants retained by the Receiving Party's Outside Counsel to whom disclosure is reasonably necessary and who have signed the Agreement;

        4.  The Court and its personnel, including any special master appointed by the court, and members of the jury;

5. Outside court reporters and their staff, recorders, videographers, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary and who have signed the Agreement;

6. During their depositions in this Action, witnesses to whom disclosure is reasonably necessary and who have signed the Agreement;

7. Any mediator appointed by the Court or jointly selected by the Parties and who have signed the Agreement;

8. The author or recipient of a Document containing Protected Material, or a custodian or other person who otherwise possessed or knew the information; and

9. Other persons only upon written consent of the Producing Party and on such conditions as the Parties may agree.

c. **Control of Documents.** The Parties must take reasonable efforts to prevent the unauthorized or inadvertent disclosure of Protected Material pursuant to the terms of this Order. Counsel for the Parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to Protected Material, along with the originals of the Agreement signed by those persons acknowledging their obligations under this Order.

6. **FILING OF CONFIDENTIAL INFORMATION.**

In accordance with Section V.G of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, available on the Court's website at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf ("Policy Manual"), in the event that a filing Party seeks to file materials that have been designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED _____, 2021" by another Party or Non-Party, the filing Party must provisionally file the materials under seal in accordance with Section V.G.1(e)(i)

of the Policy Manual and Local Civil Rule 79.2, with notice served on all Parties, individuals or Non-Parties who desire to maintain the materials under seal. In accordance with Section V.G(1)(e)(i) of the Policy Manual, the filing Party's notice of filing to all Parties, individuals or Non-Parties who desire to maintain the materials under seal shall be in lieu of a motion to seal and the filing of these third-party materials under seal, by itself, shall not be binding on the Court. Within seven (7) days after such notice, the Party or Non-Party desiring that the material be maintained under seal must file a motion to seal, a supporting memorandum, and proposed order in accordance with Section V.G.1 of the Policy Manual. Documents submitted under seal in accordance with Section V.G(1)(e) will remain under seal pending the Court's ruling on the motion to seal. If no motion to seal is filed, the Documents may be unsealed and may be made public by the clerk's office without further notice or order of the Court.

In accordance with the Section V.G of the Policy Manual, except for motions filed under seal in accordance with Section V.G(1)(f), each time a Party seeks to submit Documents to the Court which it designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED _____, 2021" under seal, said Party shall accompany the request with a motion to seal within seven (7) days. The motion to seal may be filed without a supporting memorandum only if the filing Party can cite a statute or rule (federal, local, or standing order) that requires the filing to be sealed. Absent such authority, the filing Party must submit a supporting memorandum that specifies: (i) the exact Document or item, or portions thereof, for which filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the

motion. In addition to the motion and supporting memorandum of law, the filing Party must set out such findings in a proposed order to seal.

7. **CHALLENGES TO A CONFIDENTIAL DESIGNATION.**

a. **Timing of Challenge.** The designation of any material or Document as Confidential Information is subject to challenge by any Party or Non-Party at any time. Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, the right to challenge a confidentiality designation is not waived by electing not to assert a challenge promptly after the original designation is disclosed.

b. **Meet and Confer.** Before filing any motion or objection to Documents that have been designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED _____, 2021", the Parties must meet and confer in good faith, in person or by telephone, in an attempt to resolve the objection informally without judicial intervention. To initiate the meet and confer process under this Section, the challenging Party shall provide written notice that identifies the designated material, the basis for challenging each confidential designation, and the proposed recourse for resolving the dispute.

c. **Judicial Intervention.** In the event the Parties are unable to resolve their disputes through the meet and confer process set forth in Section 7.b above, the Parties shall file a request for a discovery conference with the Court by filing a joint motion advising the Court of the general nature of their dispute, the efforts taken to resolve such dispute, and the need for the Court's involvement in resolving the dispute.

1. Upon the Court's receipt of the Parties' joint motion for a discovery conference, the Court may, in its discretion, direct the Parties to submit short letter briefs or a joint

report outlining the Parties' respective positions and may hold a telephone or in-person discovery conference. Alternatively, the Court may direct any Party seeking relief to file a motion. Such motion shall be a "Discovery Motion" under the Court's Local Civil Rules. The Producing Party shall bear the burden of establishing that each challenged designation is proper.

      2.    Until the Court rules on the challenge, all Parties must continue to treat the materials as Confidential Information under the terms of this Order.

**8. USE OF CONFIDENTIAL DOCUMENTS OR INFORMATION AT TRIAL OR HEARING.**

Nothing in this Order will be construed to affect the use of any Document, material, or information at any hearing or at the trial of this Action. A Party that intends to present or anticipates that another Party may present Confidential Information at a hearing or the trial of this Action must bring that issue to the attention of the Court and the other Parties (without disclosing the Confidential Information to any Non-Party). The Court may thereafter make such orders as are necessary to govern the use of such Confidential Information at the hearing or trial of this Action.

**9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

When a Producing Party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in the Case Management Order entered in this Action. This provision is not intended to modify whatever procedure may be established in the Case Management Order.

**10. OBLIGATIONS UPON CONCLUSION OF THE ACTION.**

    **a.**   **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the Action.

b.  **Return of Confidential Documents.**  Within sixty (60) days after Final Disposition of this Action, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any Protected Material. If requested by the Producing Party, the Receiving Party must submit a written certification to the Producing Party by the 60-day deadline that (1) all the Protected Material was returned or destroyed, and (2) verifies the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. This provision shall not prevent Outside Counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and Consultant and expert work product, even if such materials contain Protected Material. Any such archival copies remain subject to this Order.

11. **ORDER SUBJECT TO MODIFICATION OR REPLACEMENT.**

a.  **General Principles.** A Party or Parties to this Action may, on motion pursuant to Section 11.d, request modification or replacement of this Order.

b.  **Manner of Making Amendments.** Any proposed amendments to this Order must be presented to the Court by filing two copies of the entire Order.  The first copy shall include markings indicating the proposed amendments, and the second copy shall be a clean copy for entry by the Court.

c.  **By Stipulation.** The Parties may submit stipulated amendments to this Order, or a stipulated replacement protective order, for entry by the Court at any time.

d.  **On Motion.** A Party or Parties may move the Court for entry of amendments to this Order without the agreement of all Parties.

14

5456.002

1. Prior to moving the Court, the requesting Party or Parties must meet and confer with the other Parties regarding any proposed amendments. Only upon a failure to reach agreement regarding any proposed amendments may the requesting Party or Parties move the Court under the Court's Local Civil Rules for entry of the proposed amendments.

2. Should the Parties have competing proposed amendments to the same portion or portions of this Order, or competing proposals for new provisions to this Order, rather than filing a motion under the Court's Local Civil Rules, the Parties shall file a joint motion indicating the competing proposed amendments and setting forth the reasons supporting each proposed amendment, and, if applicable, the opposing Party's or Parties' responses thereto. Such joint motion shall also include all other proposed amendments to this Order, whether by one or more Parties, whether opposed or agreed upon by the Parties, and setting forth the Parties' respective positions on such proposed amendments.

3. Within seven (7) days of resolution of a motion under Section 11.d, and if applicable, the moving Party or Parties, or if by joint motion under Section 11.d.2, the Parties jointly, shall file the amended protective order according to Section 11.b. of this Order.

**12. ENFORCEMENT OF THIS ORDER.**

Even after the Final Disposition of this Action, a Party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the Action for the limited purpose of enforcing or modifying the provisions of this Order.

**13. NO PRIOR JUDICIAL DETERMINATION.**

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery in this Action. Nothing in this Order will be construed or presented as a judicial determination that any Document or material designated "CONFIDENTIAL

– SUBJECT TO PROTECTIVE ORDER ENTERED _____, 2021" by Outside Counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific Document or issue.

**14.      PERSONS BOUND BY THIS ORDER.**

This Order will take effect when entered and is binding upon all Outside Counsel, the Parties, and persons made subject to this Order by its terms.

**15.      APPLICABILITY TO PARTIES LATER JOINED.**

If additional persons or entities become Parties to this Action, they must not be given access to any Confidential Information until they execute the Agreement to be bound by the provisions of this Order.

**16.      PROTECTIONS EXTENDED TO NON-PARTY'S CONFIDENTIAL INFORMATION.**

The Parties agree to extend the provisions of this Order to Confidential Information produced in this Action by any Non-Party, if timely requested by the Non-Party.

**17.      CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER ACTIONS.**

If a Receiving Party is served with a subpoena or an order issued in other actions or litigation that would compel disclosure of any material or Document designated in this Action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED _____, 2021", the Receiving Party must so notify the Producing Party, in writing, immediately and in no event more than three (3) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other action or litigation that some or all the material covered by

the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing Party in this Action an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Producing Party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this Section remain in effect while the Party has in its possession, custody, or control Confidential Information designated by the other Party to this Action.

**18. DISCLOSURE OF CONFIDENTIAL INFORMATION COVERED BY ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT.**

Whether inadvertent or otherwise, the disclosure or production of any information or Document that is subject to an objection on the basis of attorney work-product protection or attorney-client privilege including, but not limited to, information or Documents that may be considered Confidential Information under this Order, shall not give rise to an argument of waiver of attorney work-product protection or attorney-client privilege. Any Party receiving any such information or Document must handle the inadvertent disclosure pursuant to the terms of the Case Management Order entered in this Action. Disclosure of the information or Document by the other Party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this Section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a Party's right

17
5456.002

to conduct a review of Documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

SO ORDERED this 21st day of June 2021.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge

5456.002

# EXHIBIT A

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated and Agreed Protective Order that was entered by the United States District Court for the Eastern District of North Carolina on _____ in the Action entitled *United States of America for the use and benefit of Schneider Electric Building Americas, Inc., SPC Mechanical Corporation, and Watson Electrical Construction, Inc. v. CBRE Heery, Inc. f/k/a Heery International, Inc., Travelers Casualty and Surety Company of America, Liberty Mutual Insurance Company, Fidelity and Deposit Company of Maryland, and Federal Insurance Company*, Case No. 5:20-cv-00257-BR ("Order").

I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of this Order.

I understand that I am to retain all copies of any Documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED _____, 2021" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED _____, 2021"

are to be returned to Outside Counsel who provided me with such material or destroyed, with certification of destruction.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

Printed Name: _____

Signature: _____